Patrick St. Aubyn LAWSON, Petitioner

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

No. 05–3822.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Dec. 13, 2006.

Filed: March 1, 2007.

Melinda C. Ghilardi, Office of Federal Public Defender, Scranton, PA, for Petitioner.

Daryl F. Bloom, Office of United States Attorney, Harrisburg, PA, for Respondent.

Before: SMITH and ROTH, Circuit Judges, and YOHN, District Judge.*

OPINION

SMITH, Circuit Judge.

Patrick St. Aubyn Lawson ("Lawson") is a native and citizen of Jamaica. Lawson entered the United States on April 14, 1970 at the age of 16. He has since become a lawful permanent resident. His wife and children are American citizens. On March 23, 2000, Lawson was convicted of conspiracy to possess with the intent to distribute marijuana. Lawson was originally sentenced to 87 months' imprisonment. On March 21, 2001, the Government filed a motion for reduction of sentence due to substantial assistance to the authorities. The Government's motion was granted on August 15, 2001,

---

* The Honorable William H. Yohn, Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

reducing Lawson's sentence to 48 months' imprisonment.

Due to this conviction, Lawson was notified that he was subject to removal as an alien convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and as an alien convicted of an offense relating to a controlled substance, see 8 U.S.C. § 237(a)(2)(B)(i). Lawson appeared before an Immigration Judge ("IJ") via video conference and conceded removability. On December 4, 2001, the IJ denied Lawson's application for asylum and withholding of removal, despite a statement from the Assistant United States Attorney assigned to Lawson's case that, "in all likelihood," Lawson and his family would be exposed to retaliation in Jamaica due to his cooperation with the Government.

Lawson did not make a claim under the Convention Against Torture ("CAT"). The IJ noted in his oral decision that he had provided Lawson with several opportunities to file an application for protection under CAT and to secure counsel. Lawson did neither. The IJ deemed his CAT claim waived.

Lawson timely appealed to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's judgment without opinion on December 16, 2002. Lawson filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania on December 30, 2002.

Lawson completed his sentence on February 12, 2003 and was transferred to the custody of the immigration authorities. He filed a second habeas corpus petition which was consolidated with the first. On March 17, 2003, the District Court enjoined Lawson's removal and directed the immigration authorities to issue a decision on Lawson's request for deferral of removal. The authorities denied Lawson's request for deferral of removal on April 9, 2003. Lawson renewed his request for habeas corpus relief. On August 20, 2004, the District Court appointed the Federal Public Defender to represent Lawson, ordered an evidentiary hearing on Lawson's substantive due process claim that his cooperation with the Government had exposed him to grave danger, and released Lawson from confinement pending the hearing. The District Court ordered the petition transferred to this Court on August 10, 2005, pursuant to the REAL ID Act. On November 28, 2005, Lawson filed a motion to remand to the BIA for an evidentiary hearing. We denied Lawson's motion for remand on February 3, 2006, as his substantive due process claim was vitiated by *Kamara v. Attorney General,* 420 F.3d 202, 217 (3d Cir.2005) (holding that the state-created danger exception is inapplicable to immigration law).

Lawson now argues on appeal that he is eligible for relief under CAT and that his request for relief should be remanded to the BIA for consideration of his claim. However, Lawson waived his CAT claim before the IJ. We will deny the petition for review.[1] We review the IJ's factual findings for substantial evidence, see *Cao v. Attorney General,* 407 F.3d 146, 152 (3rd Cir.2005), and conclusions of law de novo. *See Smriko v. Ashcroft,* 387 F.3d 279, 282 (3rd Cir.2004).

The IJ found that Lawson had knowingly elected to waive his claim for relief

---

1. The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b). The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b). We have jurisdiction to review the final order of the BIA under 8 U.S.C. § 1252. When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Berishaj v. Ashcroft,* 378 F.3d 314, 322 (3d Cir.2004).

under CAT. The IJ commented on the waiver at some length. He noted:

> The respondent [Lawson] was given an opportunity on more than one occasion, both to seek counsel and more importantly, to consider whether or not he wished to file an application for relief under the Convention Against Torture and implementing regulations. The only potential for relief that the respondent is eligible for, given the fact that he is ineligible for cancellation of removal because of the aggravated felony, pursuant to Section 240A(a) of the Act, is relief in the form of deferral of removal under 8 C.F.R. Section 208.17 which implements the Convention Against Torture relative to those individuals that have been convicted of aggravated felonies and whose sentence is five years. . . .
>
> The respondent appears to have expressed himself clearly and unequivocally in that regard, despite the concomitant fear of return to Jamaica which is also reflected in the "law" section of the supplemental memorandum in support of motion for reduction in sentence by the aforementioned Assistant United States Attorney. This Assistant United States Attorney opines that the respondent in all likelihood would be exposed, along with his family, to a risk of retaliation as a result of the actions that he took in cooperation with whatever his assistance to the United States Government. Nonetheless, this lawyer does not offer an opinion today as to whether or not, after respondent were to have filed an application for relief under the Convention Against Torture, there would be sufficient nexus to the government of Jamaica as someone working with the consent, acquiescence, or instigation of them in Jamaica.
>
> Because the respondent has decided not to file an application for relief under the Convention Against Torture, it is deemed waived under 8 C.F.R. Section 3.31(c).

No evidence appears elsewhere in the record to contradict the IJ's finding that Lawson knowingly waived his claim for relief under CAT. The District Court echoed the IJ's finding in its August 20, 2004 memorandum opinion, stating that, "Lawson, however, did not advance a claim under the Convention Against Torture." None of the materials submitted to the BIA by Lawson contain a reference to CAT. On this record, we are constrained to adopt the IJ's conclusion that Lawson knowingly waived his CAT claim. Even if this were not the case, Lawson's failure to raise the CAT claim before the BIA would constitute waiver. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003).

Lawson argues on appeal that we have a duty to interpret pro se pleadings liberally and therefore must construe Lawson to have stated a claim under CAT. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir.1999) (observing that "we have an obligation" to liberally construe pro se civil rights complaints); *see also Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, it is not clear that we should import this liberality to the administrative context of immigration proceedings, where we have often held that a failure to raise a CAT claim constitutes waiver. *See Abdulrahman*, 330 F.3d at 594–95; *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir.1989). Moreover, the IJ's finding that Lawson knowingly declined to pursue his CAT claims prevents us from construing his pleadings otherwise.

Accordingly, we cannot consider Lawson's claim for relief under CAT as Lawson failed to meet his burden to demonstrate that he exhausted the claim before the administrative agency. 8 U.S.C. § 1252(d)(1) ("A court may review a final

order of removal only if [ ] the alien has exhausted all administrative remedies available to the alien as of right."); *see Alleyne*, 879 F.2d at 1182.

We will deny the petition for review.